Relief Requested Without Hearing

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: )<br>Lorelle Terese Courtois )<br>*dba* Lorelle`s Cleaning Service )<br>*aka* Lorelle Terese Courtois-Carr )<br>*dba* Lorell & Sons Cleaning Service )<br>)<br>**Debtor** ) | CHAPTER 7<br>CASE NO. 15-20470 |

## CONSENTED MOTION OF FEDERAL NATIONAL MORTGAGE ASSOCIATION FOR RELIEF FROM STAY

To: The Honorable Peter G. Cary, U.S. Bankruptcy Judge,

Now Comes Federal National Mortgage Association, (the "Creditor") and hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and 9014, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 45 Straw Road, Gorham, ME 04038 (the "Property"), for all purposes allowed by the Note, the Mortgage and applicable law, including but not limited to the right to foreclose. The Creditor is entitled to relief from the automatic stay on the grounds that: 1) the Debtor is twenty-three (23) payments in arrears; 2) there is no equity in the Property and 3) the Property is not necessary to the Debtor's effective reorganization.

In further support of this motion, the Creditor respectfully alleges as follows:

1. On or about June 4, 2007, the Debtor executed and delivered a Note in the amount of $244,500.00 to First Magnus Financial Corporation. *See* Exhibit A (a true and correct copy of the Note is attached hereto.)

2. To secure the obligation, the Debtor executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for First Magnus Financial Corporation, a Mortgage dated June 4, 2007, and recorded in the Cumberland County Registry of Deeds in Book 25168, Page 287 on the Property. *See*

Exhibit B (a true and correct copy of the Mortgage is attached hereto.)

3. The Creditor is the current holder note and assignee of the Mortgage. *See* Exhibit C (a true and correct copy of the Assignment is attached hereto).

4. According to the Debtor's Schedules, there is a municipal lien to the Town of Gorham in the amount of $6,075.97. *See* Exhibit D (a true and correct copy of the Debtor's Schedule D is attached hereto).

5. On June 23, 2015, the Debtor filed a voluntary petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code.

6. As of July 1, 2015, the total debt owed to the Creditor was $284,979.49, plus attorney's fees.

7. Pursuant to the Debtor's Statement of Intention, the Debtor intends to surrender the property. *See* Exhibit E (a true and correct copy of the Debtor's Statement of Intention is attached hereto).

7. Upon information and belief, there are no other encumbrances on the Property other than those referenced above.

8. Upon information and belief, pursuant to MLBR 4001-1 (b)(2), there is no other collateral securing the obligation.

9. The Debtor is currently twenty-three (23) payments in arrears in the amount of $56,688.65, representing the September, 2013 payment in the amount of $2,425.85; plus the October, 2013 – July, 2015 payments in the amount of $2,432.40 each; plus attorney's fees in the amount of $750.00. It is estimated that $59,121.05 will be due as of the anticipated date of hearing.

10. The Debtor's Schedule D values the Property at $245,000.00 with a liquidation value of $228,820.00, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($980.00); and the anticipated costs incurred from a real estate closing ($500.00). *See* Exhibit D.

11. The total amount of liens on the Property is $291,055.46.

12. Pursuant to paragraph 6 of the Note and paragraphs 9 and 22 of the Mortgage, the Creditor respectfully requests that attorney's fees in the amount of $750.00 incurred in connection with bringing

their motion be awarded.

13.     The Chapter 7 Trustee, Nathaniel R. Hull, consents to this motion. James F. Molleur, Esq., counsel for Debtor, also consents to this motion.

14.     Based on the foregoing, the Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because the Debtor has failed to make twenty-three (23) payments and pursuant to 11 U.S.C. § 362(d)(2) since the Debtor has no equity in the Property and reorganization is not contemplated.

WHEREFORE, the Creditor prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.      Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited allowing the Creditor (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.      For such other relief as the Court deems proper.

DATED: July 28, 2015

| | |
|---|---|
| Federal National Mortgage Association<br>By its counsel, | Lorelle Terese Courtois<br>By her counsel, |
| /s/ John A. Doonan<br>John A. Doonan, Esq., Bar No. 3250<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 225D<br>Beverly, MA 01915<br>Tel (978) 921-2670<br>jad@dgandl.com | /s/ James F. Molleur<br>James F. Molleur, Esq.<br>Molleur Law Office<br>419 Alfred Street<br>Biddeford, ME 04005<br>Tel (207) 283-4558<br>jim@molleurlaw.com |

Trustee,

/s/ Nathaniel R. Hull
Nathaniel R. Hull, Esq.
Verrill Dana, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112