UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| Lorelle Terese Courtois ) | CASE NO. 15-20470 |
| dba Lorelle's Cleaning Service ) | |
| dba Lorelle Terese Courtois-Carr ) | |
| dba Lorell & Sons Cleaning Service ) | |
| ) | |
| Debtor ) | |
| ) | |

## MOTION OF DLJ MORTGAGE CAPITAL, INC. FOR RELIEF FROM STAY

To: The Honorable Peter G. Cary, U.S. Bankruptcy Judge,

Now Comes DLJ Mortgage Capital, Inc., (the "Creditor") and hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and 9014, for relief from the automatic stay with respect to certain real property of the Debtor having an address of 7 Standish Neck Road, Gorham, ME 04038 (the "Property"), for all purposes allowed by the Note, the Mortgage and applicable law, including but not limited to the right to foreclose. The Creditor is entitled to relief from the automatic stay on the grounds that: 1) the Debtor is twenty-two (22) payments in arrears; 2) there is no equity in the Property and 3) the Property is not necessary to the Debtor's effective reorganization.

In further support of this motion, the Creditor respectfully alleges as follows:

1. On or about March 27, 2006, the Debtor executed and delivered a Note in the amount of $162,200.00 to H&R Block Mortgage Corporation, a Massachusetts Corporation. *See* Exhibit A (a true and correct copy of the Note is attached hereto.)

2. To secure the obligation, the Debtor executed and delivered to H&R Block Mortgage Corporation, a Massachusetts Corporation, a Mortgage dated March 27, 2006, and recorded in the Cumberland County Registry of Deeds in Book 23858, Page 291 on the Property. *See* Exhibit B (a true and correct copy of the Mortgage is attached hereto.)

3. The Creditor is the current holder note and assignee of the Mortgage. *See* Exhibit C (true and correct copies of the Assignments are attached hereto).

4. According to the Debtor's Schedules, there is a Municipal lien to the Town of Gorham in the amount of $3,885.63. *See* Exhibit D (a true and correct copy of the Debtor's Schedule D is attached hereto).

5. On June 23, 2015, the Debtor filed a voluntary petition for Bankruptcy under Chapter 7 of the United States Bankruptcy Code.

6. As of July 31, 2015, the total debt owed to the Creditor was $177,630.90, plus attorney's fees and costs.

7. According to the Debtor's Statement of Intention, the subject property is to be surrendered. *See* Exhibit E (a true and correct copy of the Debtor's Statement of Intention is attached hereto).

8. Upon information and belief, there are no other encumbrances on the Property other than those referenced above.

9. Upon information and belief, pursuant to MLBR 4001-1 (b)(2), there is no other collateral securing the obligation.

10. The Debtor is currently twenty-two (22) payments in arrears in the amount of $29,776.64, representing the November 1, 2013 – February 1, 2014 payments in the amount of $1,307.76 each; plus the March 1, 2014 – August 1, 2015 payments in the amount of $1,312.20 each; plus attorney's fees and costs in the amount of $926.00. It is estimated that $31,088.84 will be due as of the anticipated date of hearing.

11. The Debtor's Schedule D values the Property at $125,000.00 with a liquidation value of $116,500.00, calculated as the fair market value of $125,000.00 less a reasonable realtor's fee (6%); deed stamps ($500.00); and the anticipated costs incurred from a real estate closing ($500.00). *See* Exhibit D (a true and correct copy of the Debtor's Schedule D is attached hereto).

12. The total amount of liens on the Property is $181,516.53.

13. The Debtor, through her counsel James F. Molleur, consents to this motion.

14. Pursuant to paragraph 7 of the Note and paragraphs 18 and 21 of the Mortgage, the Creditor respectfully requests that attorney's fees in the amount of $750.00 and costs in the amount of $176.00 incurred in connection with bringing their motion be awarded.

15. Based on the foregoing, the Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because the Debtor has failed to make twenty-two (22) payments and pursuant to 11 U.S.C. § 362(d)(2) since the Debtor has no equity in the Property and reorganization is not contemplated.

WHEREFORE, the Creditor prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited allowing the Creditor (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. For such other relief as the Court deems proper.

DATED: August 7, 2015

                                                  Respectfully submitted,
DLJ Mortgage Capital, Inc.
By its counsel,

/s/ John A. Doonan
John A. Doonan, Esq., Bar No. 3250
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
Tel (978) 921-2670
jad@dgand.com